IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION § § Plaintiff, § § VS § § STARR INDEMNITY & LIABILITY § INSURANCE COMPANY; NATIONAL § UNION INSURANCE COMPANY OF § PITTSBURGH, PA; THE INSURANCE § COMPANY OF THE STATE OF § PENNSYLVANIA, § § Defendants. § | CIVIL ACTION NO. _____ ADMIRALTY |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1333 and 1441(a), Defendant Starr Indemnity & Liability Insurance Company ("Starr") hereby gives notice that the above-captioned action pending in the 125th District Court of Harris County, Texas is hereby removed to the United States District Court for the Southern District of Texas – Houston Division.  In support of removal, Starr states the following:

### STATE COURT ACTION

1.　On or about April 23, 2014, Plaintiff Exxon Mobil Corporation ("ExxonMobil") filed an action against Starr in the 125th District Court of Harris County, Texas styled *Exxon Mobil Corporation v. Starr Indemnity & Liability Insurance Company, National Union Insurance Company of Pittsburgh, PA, and The Insurance Company of the State of Pennsylvania* (the "State Court Action").

1

2244576-1

2. The claim against Starr is a marine contract dispute involving the interpretation of a policy of marine insurance. ExxonMobil alleges causes of action for breach of contract and also seeks a declaratory judgment against all defendants.

3. Starr has not been served in the State Court Action.

4. According to the District Clerk for Harris County, Texas, the other defendants in the State Court Action, National Union Insurance Company of Pittsburgh, PA ("National Union") and The Insurance Company of the State of Pennsylvania ("ICSP") have not been served.

5. No responsive pleadings have been filed by Starr in the State Court Action, and Starr will timely file its Answer to Plaintiff's Original Petition with this Court in compliance with FED. R. CIV. P. 81(c).

## JURISDICTIONAL BASIS FOR REMOVAL

### ExxonMobil's General Maritime Claims Are Removable

6. ExxonMobil's claims against Starr arise out of a policy of marine insurance, which is a marine contract.

7. Because ExxonMobil's claims are based on a maritime contract, this Notice of Removal is filed on the basis of jurisdiction conferred by 28 U.S.C. §§ 1333 and 1441(a). A federal court's authority to hear cases in admiralty flows initially from the Constitution, which "extend[s]" federal judicial power "to all cases of admiralty and maritime jurisdiction." U.S. Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts in a statute giving federal district courts 'original jurisdiction . . . of . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .'" 28 U.S.C. § 1331(1); *see also Grubart*, 513 U.S. at

531. Suits on contracts of marine insurance are within the admiralty jurisdiction. *New England Mutual v. Dunham*, 78 U.S. 1 (1870).

8. Before January 2012, courts interpreted 28 U.S.C. § 1441(a) to mean that a claim within the admiralty jurisdiction could be removed only when there was a separate basis for federal jurisdiction. But 28 U.S.C. § 1441 was amended in 2011 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394, P.L. 112-63. The 2011 amendment removes the language in Section 1441(b) that had been interpreted as barring removal of federal maritime cases. *See*, e.g., *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 774–78 (S.D. Tex. 2013) (Miller, J.); *Carrigan v. M/V AMC AMBASSADOR*, No. 13–3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014) (Werlein, J.) (following *Ryan*); *Wells v. Abe's Boat Rentals, Inc.*, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (Rosenthal, J.) (same).

9. Section 1441(a) currently states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, the instant case is removable because Plaintiff asserts claims on a contract of marine insurance, which is a claim within the original jurisdiction of this Court.

10. Pursuant to 28 U.S.C. §§ 1333 and 1441(a), and without prejudice to any defense Starr may have to ExxonMobil's action, jurisdictional or otherwise, Starr removes this action from the 125th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

## VENUE IS PROPER IN THIS COURT

11. The United States District Court for the Southern District of Texas – Houston Division embraces the county in which the State Court Action was filed. Accordingly, this case is properly removed to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS TIMELY

12. The State Court Action was filed on or about April 23, 2014. To date, Defendant has not been served. According to the Harris County District Clerk, none of the other defendants have been served as of the time of this filing. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. 1446(b). *See*, e.g., *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal."); *Southern Breeze, L.L.C. v. NK Newlook, Inc.*, 2011 WL 2550739, at *2 n.7 (E.D. La. June 27, 2011) ("Although plaintiff had not yet served Meunier when Meunier filed his removal petition, a defendant need not be formally served before seeking removal."); *Ballard v. First Family Fin. Services, Inc.*, 2006 WL 1307946, at *1 (S.D. Miss. May 10, 2006) ("[U]nder *Delgado*, a notice of removal filed after the complaint, but before service of the complaint, is not premature but rather timely.").

## CONSENT TO REMOVAL BY CO-DEFENDANTS UNNECESSARY

13. As the other defendants in the State Court Action, National Union and ICSP, have not been served, their consent to removal is unnecessary. *See Smith v. Metabolife Intern., Inc.*, 2003 WL 21747684, at *1 (N.D. Tex. July 16, 2003) ("Metabolife was not required to secure the consent of parties who had not been served prior to the filing of the notice of removal.") (citing *Gillis v. La.*, 294 F.3d 755, 759 (5th Cir. 2002) (stating, "in order to comply with the requirements of § 1446, all served defendants must join in the removal petition filed prior to the

4

2244576-1

expiration of the removal period")); *see also Poznanovich v. AstraZeneca Pharm. LP*, 2011 WL 6180026, at *5-6 (D.N.J. Dec. 12, 2011).

## OTHER MATTERS

14. Written notice of the filing of this Notice of Removal will be given to all adverse parties, as required by the provisions of 28 U.S.C. § 1446(d).

15. A true and correct copy of this Notice of Removal will be filed with the District Clerk for the 125th District Court of Harris County, Texas, as required by the provisions of 28 U.S.C. § 1446(d). Starr is providing the 125th District Court of Harris County, Texas with written notice of this removal.

16. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of all process, pleadings, and orders signed by the state judge (if any), a copy of the docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as **Exhibit A**.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon ExxonMobil's counsel and a copy is being filed with the Clerk of the District Court of Harris County, Texas.

WHEREFORE, Starr Indemnity & Liability Insurance Company hereby removes this action to the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted,

/s/ Harold K. Watson
Harold K. Watson
State Bar No. 20938500
Federal Bar No. 4345
Eugene W. Barr
State Bar No. 24059425

5

2244576-1

>Federal Bar No. 1144784
>801 Travis Street, Suite 1910
>Houston, Texas 77002
>Telephone: 713-546-9800
>Facsimile: 713-546-9806
>watson@chaffe.com
>barr@chaffe.com
>
>ATTORNEYS FOR DEFENDANT,
>STARR INDEMNITY & LIABILITY
>COMPANY

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2014, a true and correct copy of the foregoing document was forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure, as follows:

Mike Morris
Danny L. Van Winkle
TEKELL, BOOK, ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
Houston, Texas 77010

>/s/ Harold K. Watson
>HAROLD K. WATSON