IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION,     § | | |
| Plaintiff,                   § | | |
|                              § | | |
| v.                           § | | CIVIL ACTION NO. H-14-1147 |
|                              § | | |
| STARR INDEMNITY & LIABILITY  § | | |
| COMPANY, *et al.*,           § | | |
| Defendants.                  § | | |

## MEMORANDUM AND ORDER

This breach of contract case is before the Court on the Motion to Remand [Doc. # 3] filed by Plaintiff Exxon Mobil Corporation ("Exxon"), to which Defendant Starr Indemnity & Liability Company ("Starr") filed a Response [Doc. # 7]. Exxon neither filed a reply nor requested additional time to do so. Having considered the full record and relevant legal authorities, the Court **denies** the Motion to Remand.

## I.   BACKGROUND

In January 2013, Kevin Roberts and Arturo Munoz, employees of Savage Refinery Services, LLC ("Savage"), were injured while working at Exxon's Baytown Refinery. Roberts filed a personal injury lawsuit against Exxon, which has now been settled. Munoz also asserted a personal injury claim against Exxon in connection with his injuries, but he has not filed a lawsuit.

Exxon filed this breach of contract and declaratory judgment action alleging that it is an additional insured under insurance policies issued to Savage by Starr and by National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). Exxon also sued Insurance Company of the State of Pennsylvania ("ICSP"), Savage's workers' compensation carrier, seeking to enforce an alleged contractual waiver of ICSP's subrogation rights.

Starr filed a timely Notice of Removal, asserting admiralty and maritime jurisdiction.[1] Exxon filed its Motion to Remand, which is now ripe for decision.

## II. ANALYSIS

### A. General Removal Principles

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party

---

[1] At the time of removal, Defendants National Union and ICSP had not been served.

seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

### B.     Existence of Maritime Jurisdiction

Starr argues that this Court has admiralty/maritime jurisdiction because the insurance policy under which Exxon claims to be an additional insured is a marine contract. Exxon argues that this Court lacks subject matter jurisdiction because the lawsuit has "nothing to do with the protection of maritime commerce."[2] *See* Motion to Remand, p. 6. It is undisputed that the Starr insurance policy is a "bumbershoot" policy that provides excess coverage for traditional marine risks as well as non-marine risks. It provides excess coverage for multiple vessels, and lists a Marine General Liability/Terminal Operators Liability/Charterer's Legal Liability policy among the underlying insurance policies for which the "bumbershoot" policy provides excess coverage. The United States Supreme Court has held that admiralty jurisdiction applies to contracts that combine marine and land-based elements if the marine elements are not "insubstantial." *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 27 (2004). The Fifth Circuit, applying *Kirby*, has held that such "bumbershoot" policies "are widely recognized as common marine insurance policies." *St. Paul Fire &*

---

[2]     Exxon argues also that the "principal objective of the ExxonMobil/Savage contract was clearly not maritime commerce." *See id.* Starr's assertion of admiralty/maritime jurisdiction, however, is based on the insurance policy it issued to Savage, not on the contract between Exxon and Savage.

*Marine Ins. Co. v. Bd. of Comm'rs of the Port of New Orleans*, 418 F. App'x 305, 308 (5th Cir. Mar. 15, 2011) (citing *The St. Paul Travelers Cos. v. Corn Island Shipyard, Inc.*, 495 F.3d 376, 379 n.1 (7th Cir. 2007)). The fact that the underlying injury occurred during land-based activities does not require a different result. *See, e.g., Kirby*, 543 U.S. at 18, 27 (in *Kirby*, the train carrying machinery on its final, inland leg following shipment from Australia derailed, leading Justice Sandra O'Connor to refer to the case as "a maritime case about a train wreck"); *Alleman v. Omni Energy Servs. Corp.*, 580 F.3d 280, 284 (5th Cir. 2009) ("In ascertaining whether that contract is a maritime contract, we look to the 'nature and subject-matter' of the contract and ask whether it has 'reference to maritime service or maritime transactions.'"). Indeed, the underlying claim in *St. Paul Fire & Marine* arose on land when a top loader fell into a pothole, injuring the driver. *See St. Paul Fire and Marine Ins. Co. v. Bd. of Comm'rs of the Port of New Orleans*, 646 F. Supp. 2d 813, 816 (E.D. La. 2009), *aff'd*, 418 F. App'x 305, 308 (5th Cir. Mar. 15, 2011). As a result, pursuant to *Kirby*, *Alleman*, and *St. Paul*, the subject matter of Exxon's claims against Starr is a marine insurance policy, and this Court has admiralty/maritime jurisdiction.

### C. Removability of Maritime Claims

Exxon argues that, even if this Court has admiralty/maritime jurisdiction over this dispute, the case is not removable. Exxon relies on *Romero v. Int'l Terminal*

*Operating Co.*, 258 U.S. 354 (1959), and *Barker v. Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013), both decided based on the removal statute prior to the 2011 amendment to 28 U.S.C. § 1441.

> The version in existence prior to the 2011 amendment of § 1441 provided:
>
> (a) Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b) (West 2006).  Courts routinely held that § 1441(a) permitted removal of cases over which the federal courts had original jurisdiction, unless otherwise expressly prohibited by an Act of Congress, and that § 1441(b) was an "Act of Congress" precluding removal based on admiralty/maritime jurisdiction if any defendant was a citizen of the state in which the case was filed.  *See Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013) (Miller, J.), and cases cited therein.

In 2011, effective January 2012, § 1441(b) was amended. Section 1441(a) still allows removal of cases over which the federal courts have original jurisdiction unless expressly prohibited by an Act of Congress. Section 1441(b), however, was changed such that it applies only to cases removed on the basis of diversity of citizenship. Section 1441(b) now provides:

> A civil action otherwise removable solely on the basis of the jurisdiction *under section 1332(a)* of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added); *see Ryan*, 945 F. Supp. 2d at 777. As a result, as amended, § 1441 provides for the removal of any case over which the federal courts have original jurisdiction unless prohibited by an Act of Congress, and § 1441(b) no longer constitutes the "Act of Congress" previously relied upon by federal courts when holding general maritime cases are non-removable. *See Ryan*, 945 F. Supp. 2d at 777-78; *Wells v. Abe's Boat Rentals Inc.*, 2013 WL 3110322, *3 (S.D. Tex. June 18, 2013) (Rosenthal, J.). As a result, after the 2011 amendment to § 1441, general maritime cases are removable. *See Ryan*, 945 F. Supp. 2d at 778; *Wells*, 2013 WL 3110322 at *4; *see also Carrigan v. M/V AMC Ambassador*, 2014 WL 358353, *2 (S.D. Tex. Jan. 31, 2014) (Werlein, J.) ("for the reasons well explained in *Ryan*, Plaintiff's maritime claims are removable").

### D. Claim Against ICSP

A civil action "arising under the workmen's compensation laws" may not be removed. 28 U.S.C. § 1445(c). Exxon argues that this lawsuit could not properly be removed because its claims against ICSP "arise under" Texas workers' compensation laws. Exxon's argument is refuted by its allegations in the Original Petition.

Exxon asserts a breach of contract claim against ICSP, alleging that Exxon's contract with Savage required Savage and its workers' compensation carrier [ICSP] to waive subrogation. *See* Original Petition, ¶ 30. Exxon alleges that ICSP, as required by its contract with Savage, issued a workers' compensation policy to Savage that included an endorsement waiving subrogation. *See id.*, ¶ 31. Exxon alleges that ICSP "failed and refused to acknowledge its contractual obligation to waive subrogation." *See id.*, ¶ 13. Exxon alleges that ICSP's refusal to acknowledge this contractual waiver of subrogation, required by the contract between Exxon and Savage and contained in the policy issued to Savage by ICSP, constitutes a breach of contract. *See id.*, ¶ 33. Additionally, Exxon seeks a declaratory judgment that ICSP has contractually waived its subrogation rights. Although ICSP's asserted right of subrogation may arise from the Texas Workers' Compensation Act, Exxon's breach of contract and declaratory judgment claims in this lawsuit arise out of Exxon's

alleged contractual rights under its contract with Savage and the ICSP policy. As a result, § 1445(c) does not apply to prevent removal of this lawsuit.

## IV.    CONCLUSION AND ORDER

This Court has general maritime jurisdiction, and removal was permissible in accordance with 28 U.S.C. § 1441. Exxon's claims against ICSP do not arise under Texas workers' compensation laws and, therefore, § 1445(c) does not apply to prevent removal. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 3] is **DENIED**.

SIGNED at Houston, Texas, this **17th** day of **June, 2014**.

Nancy F. Atlas
United States District Judge