## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

EXXON MOBIL CORPORATION,  §
    Plaintiff,  §
      §
v.  §      CIVIL ACTION NO. H-14-1147
      §
STARR INDEMNITY & LIABILITY  §
COMPANY, *et al.*,  §
    Defendants.  §

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Reconsideration on Denial of Remand ("Motion") [Doc. # 21] filed by Plaintiff Exxon Mobil Corporation ("Exxon"), to which Defendant Starr Indemnity & Liability Company ("Starr") filed a Response [Doc. # 26], and Exxon filed a Reply [Doc. # 43]. Having reviewed the new legal authority from the United States Court of Appeals for the Fifth Circuit, the Court **grants** the Motion for Reconsideration and remands this case to Texas state court.

## I.     BACKGROUND

In January 2013, Kevin Roberts and Arturo Munoz were injured while working at Exxon's Baytown Refinery. Roberts and Munoz were employees of Savage Refinery Services, LLC ("Savage"), which was performing work for Exxon pursuant to an Agreement for Downstream or Chemical Services with Incidental Goods

("Exxon/Savage Contract").  Roberts filed a personal injury lawsuit against Exxon, which has now been settled.  Munoz also asserted a personal injury claim against Exxon in connection with his injuries, but he has not filed a lawsuit.

Exxon filed this breach of contract and declaratory judgment action alleging that the Exxon/Savage Contract requires that it be an additional insured under insurance policies issued to Savage by Starr and by National Union Fire Insurance Company of Pittsburgh, PA ("National Union").  Exxon also sued Insurance Company of the State of Pennsylvania ("ICSP"), Savage's workers' compensation carrier, asserting that the Exxon/Savage Contract requires ICSP to waive its subrogation rights, and seeking to enforce ICSP's alleged contractual waiver of those rights.

Starr filed a timely Notice of Removal, asserting admiralty and maritime jurisdiction.[1]  Exxon filed its Motion to Remand, which the Court denied by Memorandum and Order [Doc. # 12].  Exxon moved for reconsideration, citing *Trahan v. Liberty Mut. Ins. Co.*, 2014 WL 2581318 (5th Cir. June 10, 2014) (unpublished).  Neither National Union nor ICSP filed any objection to the Motion for Reconsideration.  Starr does not oppose remand of Exxon's claims against ICSP, but argues that those claims should be severed and the claims against National Union and

---

[1]At the time of removal, Defendants National Union and ICSP had not been served.

Starr should remain pending in this Court.  The Motion for Reconsideration has been fully briefed and is now ripe for decision.

## II.   <u>ANALYSIS</u>

A civil action "arising under the workmen's compensation laws" may not be removed.  28 U.S.C. § 1445(c).  Exxon argues that this lawsuit could not properly be removed because its claims against ICSP "arise under" Texas workers' compensation laws.  The Court previously held that Exxon's claims against ICSP were based in contract and did not "arise under" the Texas workers' compensation laws.  The Fifth Circuit recently held, however, that claims that a workers' compensation insurance carrier contractually waived its rights under the Texas Labor Code "arise under Texas workers' compensation law."  *See Trahan*, 2014 WL 2581318 at *1.  As a result, based on this new Fifth Circuit legal authority, Exxon's claims against ICSP are not removable and this case must be remanded to Texas state Court.

Starr argues that the nonremovable claims should be severed because the joinder of Exxon's claims against ICSP with those against Starr and National Union is improper under Rule 20 of the Federal Rules of Civil Procedure and Rule 40 of the Texas Rules of Civil Procedure.  Under each of these rules, joinder is proper only if the claims against the joined defendants arise out of the same transaction and there is any question of law or fact common to all defendants.  *See* FED. R. CIV. P. 20(a)(2);

TEX. R. CIV. P. 40(a).  Each rule is liberally construed to provide for the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *Klein Indep. Sch. Dist. v. Hovem*, 2010 WL 1068076, * 4 (S.D. Tex. March 22, 2010); *see also Centaurus Southern Oaks v. Lexington Ins. Co.*, 2011 WL 96598, * 3 (S.D. Tex. Jan. 10, 2011) (citing *Tex. Instruments Inc. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 148-49 (N.D. Tex. 2010); *In re E.L.P.*, 636 S.W.2d 579, 581 (Tex. App. – San Antonio 1982, no writ)).

Starr concedes that the claims against it and against ICSP arise out of the same transaction, but argues that there are no questions of law or fact common to the claims against all Defendants.  The Court finds, however, that the factual and legal effect of the Exxon/Savage Contract is common to Exxon's claims against Starr and against ICSP.  Specifically, it must be determined as to all claims in this case whether the parties' obligations are defined only by the relevant policies or whether they are affected by the Exxon/Savage Contract.  As a result, the Court concludes that the requirements for joinder under federal Rule 20 and state Rule 40 are satisfied in this case and Starr's request for severance of ICSP's claims is denied.

## III.   CONCLUSION AND ORDER

Based on recent Fifth Circuit legal authority, it is hereby

**ORDERED** that Exxon's Motion for Reconsideration [Doc. # 21] is **GRANTED** and this case will be remanded to the 125th District Court of Harris County, Texas, by separate order.

SIGNED at Houston, Texas, this 20<u>th</u> day of **August, 2014**.

Nancy F. Atlas
United States District Judge